# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

### CASE NO.:

LORI KARCHER, an individual,

       Plaintiff,

v.

ABILITY RECOVERY SERVICES, LLC,

       Defendant.

_____/

## COMPLAINT

Plaintiff, Lori Karcher, an individual, by and through their undersigned attorneys, sues Defendant, Ability Recovery Services, LLC, and alleges:

## GENERAL ALLEGATIONS

### *Preliminary Statement*

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681, *et seq.*, known more commonly as the "Fair Credit Reporting Act" ("the Act").

## JURISDICTION

2. The jurisdiction of this Court is established pursuant to 15 U.S.C §1681p and 28 U.S.C.§1367.

## **ALLEGATIONS AS TO PARTIES**

3. At all times material hereto, Plaintiff, Lori Karcher, was *sui juris* and a resident of Citrus County, Florida.

4. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1681a(c).

5. At all times material hereto, Defendant, was a foreign limited liability company doing business in Citrus County, Florida.

6. At all times material hereto, Defendant was a "furnisher" of information to one or more consumer reporting agencies under 12 C.F.R. § 1022.41(c) and 16 C.F.R. § 660.2 and as that term is used in the Act. At all times relevant hereto, Defendant was a "debt collector" as that term is used in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## *FACTUAL ALLEGATIONS*

7. Defendant reported at least three false and inaccurate collection accounts to Equifax, one of the national credit reporting agencies, to be included on Plaintiff's credit file, to wit: (i) account no. *46N1 in the amount of $1,067 purportedly due to Hernando County Emergency; (ii) account no. *46N3 in the amount of $516 purportedly due to Hernando County Emergency; and (iii) account no. $46N4 in the amount of $1,667 purportedly due to Hernando County Emergency (collectively the "Debts"). The Debts were consumer debts for medical treatment.

Plaintiff did not receive such medical treatment and was not responsible for the Debts in any way. Defendant's reporting of the Debts to Equifax was inaccurate.

8. Within two years before the filing of this Complaint, when Plaintiff discovered that Defendant was reporting the inaccurate Debts on her Equifax credit report, she disputed the inaccurate reporting with Equifax.

9. Upon information and belief, Equifax notified Defendant of Plaintiff's disputes and asked Defendant to investigate the accuracy of its reporting of the Debts. Defendant, rather than advising Equifax to delete the inaccurate Debts from Plaintiff's Equifax credit file, instead verified to Equifax that its reporting the Debts was accurate.

10. Upon receipt of the dispute by Plaintiff from Equifax, Defendant failed to conduct a reasonable investigation and continued to report the inaccurate Debts on the consumer reports of Plaintiff. This was inaccurate.

11. Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputes and failed to comply with the reinvestigation requirements under 15 U.S.C. §1681s-2(b).

12. As a result of the conduct, actions and inaction of Defendant, Plaintiff suffered actual damages in the form of lowered credit scores and ability to obtain credit, as well as extreme mental anguish and emotional distress, humiliation, and

damage to Plaintiff's reputation for credit worthiness. Plaintiff also had to spend her time and effort reviewing her credit files and making disputes of the Debts.

13. The conduct, actions and inaction of Defendant were willful, rendering Defendant liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## COUNT I - ACTION FOR WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQ.*

14. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

15. Plaintiff realleges and reincorporates herein by reference paragraphs 1 through 13 above as if set forth hereat in full.

16. Pursuant to the Act, all persons who furnish information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

17. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as Plaintiff. The furnisher must then conduct a timely, and reasonable, investigation of the disputed information and review all relevant information provided by the agency.

18. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, or cannot be verified, the information from a furnisher, such as Defendant must report the results to other agencies which were supplied such information.

19. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and reasonably investigate the disputes of Plaintiff with respect to the Debts, by failing to review all relevant information regarding same and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

20. As a result of the conduct, action and inaction of Defendant, Plaintiff suffered damages as set forth in Paragraph 12 above.

21. The conduct, action and inaction of Defendant was willful, rendering Defendant liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1601n.

22. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1601n.

WHEREFORE, Plaintiff, Lori Karcher, an individual, demands judgment in her favor against Defendant for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT II - ACTION FOR NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQ.*

23. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

24. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 as if set forth hereat in full.

25. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

26. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as Plaintiff. The furnisher must then conduct a timely, and reasonable, investigation of the disputed information and review all relevant information provided by the agency.

27. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher, such as Defendant, must report the results to other agencies which were supplied such information.

28. After receiving the notices of dispute from Equifax, Defendant negligently failed to conduct a reinvestigation(s) with respect to each and every notice of dispute.

29. A reasonable investigation(s) would require a furnisher such as Defendant to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher. With respect to Defendant, Defendant would have been able to readily and quickly confirm that Plaintiff did not receive the subject medical treatment related to the Debts and was not responsible for the Debts had it reviewed the available evidence.

30. The conduct, action and inaction of Defendant was negligent, entitling Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

31. As a result of the conduct, action and inaction of Defendant, Plaintiff suffered damage as set forth in paragraph 12 above.

32. Plaintiff is entitled to recover reasonable attorney's fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiffs, Lori Karcher, an individual, demands judgment in her favor against Defendant for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681o.

## **DEMAND FOR JURY TRIAL**

Plaintiff, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY
Florida Bar No. 717223
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (954) 763-8660
F: (954) 763-8607
rwmurphy@lawfirmmurphy.com


JOHN A. LOVE
Florida Bar No. 67224
Love Consumer Law
2500 Northwinds Parkway, Suite 330
Alpharetta, Georgia 30009
T: (404) 855-3600
tlove@loveconsumerlaw.com